[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15463

_____

D. C. Docket No. 06-80148-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY KAFKA,
SONDRA PASTORE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 13, 2009)

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

Gary Kafka and Sondra Pastore appeal their fraud and conspiracy convictions, and Kafka appeals his false statement convictions, arguing the evidence presented by the Government was insufficient to support their convictions. Pastore also appeals her 30-month sentence, arguing the district court clearly erred in failing to provide her with a minor-role reduction. After review of the record and the parties' briefs, and having the benefit of oral argument, we affirm their convictions and Pastore's sentence.[1]

Appellants submitted fraudulent financial and employment information to multiple financial institutions from November 2001 through April 2006. They contend the false statements were not material, could have been investigated by the institutions, and were not relied upon. A false statement is material if it is "one having a natural tendency to influence, or capable of influencing, the decision maker to whom it is addressed." *United States v. Hasson*, 333 F.3d 1264, 1271 (11th Cir. 2003).

At trial, representatives for the institutions testified approval of the loans was based in part on a debt-to-income ratio calculation. Had Appellants reported actual incomes on the applications, the loans would not have been funded.

---

[1] Appellants also argue the district court erred by denying their motions to suppress the evidence obtained as a result of a subpoena issued by the grand jury. After review, we conclude this argument is meritless.

Moreover, a fraud investigator testified Kafka would not have qualified for the line of credit had the institution known Kafka was incarcerated and making no income. Based on trial testimony, we conclude the falsified information was material to obtaining approval of the various loans and credit lines because Appellants would not have qualified using actual income and employment information. The record establishes Appellants misled Kafka's probation officer, lied to lenders to use credit lines, and submitted falsified mortgage applications on behalf of themselves and third parties. Accordingly, we conclude sufficient evidence supports Appellants' fraud and conspiracy convictions.

With regard to Kafka's false statement convictions, the record establishes Kafka lied about the details of his employment, financial status, the existence of his assets and liabilities, and his ability to pay restitution. These false statements were material because they influenced how the probation office determined the amount of Kafka's restitution payments. Further, some of Kafka's false statements, such as denying his accumulation of additional debt, violated special conditions of his supervised release. We conclude sufficient evidence supports Kafka's false statement convictions.

Finally, the district court did not clearly err in finding Pastore was not entitled to a minor-role reduction, as she was only held responsible for the fraud

3

amount to which she stipulated, and her role was not minor compared to her co-defendants. Accordingly, we affirm her sentence.

**AFFIRMED.**